RAFAEL BERMÚDEZ, Plaintiff and Appellant, *v.* PORTO RICO RAILWAY, LIGHT & POWER COMPANY, Defendant and Appellee.

No. 8655. Argued November 10, 1943.—Decided November 18, 1943.

*F. R. Aponte* for appellant. *Brown, González & Newsom* and *Enrique Córdova Díaz,* for appellee.

MR. ACTING CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The plaintiff and appellant herein brought an action in the District Court of Humacao claiming from the defendant company the sum of $4,000 as damages for the destruction of a house owned by him, as the result of a fire which, as alleged, was caused by the negligence of the employees of the defendant.

It is alleged in the complaint that the wires of the defendant "were hanging along the side of Road No. 3 leading from Fajardo to Río Piedras," and "that at Km. 36, h. 6 of said road No. 3 there stood on March 7, 1941, adjoining the road, a house owned by the plaintiff." This is the house alleged to have been destroyed by the fire. The defendant corporation made a special appearance before the lower court and filed a motion to strike out, together with a motion for a change of venue to the District Court of San Juan. Said motion was based on the ground that the alleged damages were inflicted in the town of Río Grande which forms part of the judicial district of San Juan, and that under subdivision 1 of §79 of the Code of Civil Procedure (1933 ed.) the case ought to be tried in the district of San Juan.

On November 3, 1942, the District Court of Humacao denied the motion for a change of venue on the ground that, in accordance with the allegation of the complaint, kilometer 36 hectometer 6 of road No. 3, where it is alleged the fire occurred, is within the judicial district of said court. Nine days later, on November 12, 1942, the defendant moved for

the reconsideration of the order denying the change of venue and alleged that the place described in the complaint as the one where the fire took place, that is, kilometer 36 hectometer 6 of road No. 3, is included within the Jiménez barrio which belongs to the municipality of Río Grande, and is comprised within the judicial district of San Juan. In the motion for reconsideration it was further alleged that it is not true that the fire occurred at the place alleged in the complaint but "in the road leading from Insular Highway No. 3 to the camp known as 'El Verde,' which stretch of road is entirely located within the municipal district of Río Grande."

On November 23, 1942, the lower court, having weighed the evidence introduced by the defendant and heard the allegations from both sides, made an order setting aside the order denying the change of venue and decreed the transfer of the case to the District Court of San Juan. This is the order from which the present appeal has been taken, which is based exclusively on the allegation that the District Court of Humacao was without jurisdiction to reconsider the order granting the change of venue for the reason that the motion for reconsideration had been filed after the expiration of the term of 5 days fixed by §292 of the Code of Civil Procedure, as amended by Act No. 67 of May 8, 1937.

██ The appellant is wrong. Section 292 of the Code of Civil Procedure refers exclusively to the manner of computing the terms provided for by the code itself to review on appeal judgments or orders rendered by district courts. Said Section, prior to its amendment, only provided that a judgment or order in a civil action could be reviewed as prescribed in the code and not otherwise.

In 1937 the Legislature, intending to put an end to the frequent misuse of motions for reconsideration, filed with the sole purpose of indefinitely extending the term for appealing from a judgment or order, enacted Act No. 67 of

1937, fixing terms of 15 and 5 days, respectively, within which a motion for the reconsideration of a judgment or of an order may be filed. According to the provisions of such section, as amended, where the court denies outright a motion for reconsideration, the term for appealing from the judgment must be computed in conformity with the provisions of the code just as if no motion whatever for its reconsideration had been filed. Should the court decide to reconsider its judgment or order, or to hear the parties regarding the merits of the motion, then the term for appealing must be computed from the time of the filing, as part of the record, of a copy of the notice of the order denying the reconsideration served on the losing party.

The case at bar does not deal with the computation of the term allowed by law for appealing from the order of the district court denying the change of venue. The question involved herein is whether or not the lower court, having been convinced that its former order was wrong, was empowered to amend its error and to enter a new order in accordance with the facts as proven.

It is our judgment that the court had such power and that it properly exercised the same in the case at bar. Section 7 of the Code of Civil Procedure provides that every court has power "to amend and control its process and orders so as to make them conformable to law and justice." It having been shown to the satisfaction of the lower court that the place where the fire occurred is within the boundaries of the municipal district of Río Grande, the court decided conformable to law and justice that the defendant was entitled to insist on having the case tried in the District Court of San Juan.

Section 140 of the Code of Civil Procedure empowers courts, in furtherance of justice, to relieve a party from a judgment, order or other proceeding taken against him through its mistake, inadvertence, surprise or excusable neg-

ligence. The reconsideration decreed in the present case falls within the limits of the powers conferred on the lower court by §140, *supra*.

For the reasons stated, the appeal must be dismissed and the order appealed from affirmed.